F I L E D
United States Court of Appeals
Tenth Circuit

August 30, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRYL RAY CONLEY,

  Petitioner - Appellant,

v.

MIKE MULLIN, Warden,

  Respondent - Appellee.

No. 07-6046
(D.C. No. 05-CV-01381-R)
(W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Darryl Conley, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. Because Conley waived his right to appeal by failing to timely object to the magistrate judge's recommendation, we **DENY** a COA and **DISMISS**.

Conley was convicted by a jury on one count each of first-degree rape, rape by instrumentation, and sexual battery. At trial, the State presented testimony from the victim that Conley had flagged her over to the side of the road while she was driving home from church. Conley told the victim that something was wrong with one of her tires and offered to help diagnose the supposed problem by riding

in her car. Conley then raped her. The State presented evidence that Conley's DNA matched a swab taken from the victim at a hospital after the rape.

Based on Conley's status as a two-time prior felony offender, the state trial court sentenced him to consecutive sentences of eighty years on each count. Conley's subsequent appeals to the Oklahoma Court of Criminal Appeals and his petition for state post-conviction relief were denied.

Conley then filed a timely habeas petition in the Western District of Oklahoma raising twelve separate grounds for relief.[1] Upon referral from the district court, a magistrate judge issued an exhaustive 68-page Report and Recommendation advising dismissal of Conley's habeas petition. Based on Conley's failure to file objections to the Report and Recommendation despite obtaining repeated extensions, the district court adopted the magistrate's recommendation in full and dismissed the petition. Conley now seeks a COA

---

[1] Conley's habeas petition claimed that: (1) His right to self-representation was violated; (2) He had received ineffective assistance of trial counsel; (3) He had received ineffective assistance of appellate counsel; (4) The trial court denied him due process as the cumulative result of allegedly erroneous rulings at trial; (5) The search warrant used to obtain his blood was invalid; (6) The State withheld exculpatory evidence; (7) His Confrontation Clause rights were violated; (8) The victim's in-court identification of Conley was impermissibly suggestive; (9) The evidence was insufficient to support a conviction; (10) He was arrested and held without a warrant for fifteen days in violation of the Fourth Amendment; (11) The State used an "evidentiary harpoon" by allegedly suggesting that he had committed a prior crime; and (12) The jury instructions were prejudicial.

from this court to appeal the district court's judgment.[2]  In his application for a COA, he raises, in general terms, each of the same twelve claims presented to the district court.

We adhere to a "firm waiver rule" that precludes both legal and factual review of issues addressed in a magistrate judge's report and recommendation to which a party has failed to raise timely objections.  Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).  This rule applies to pro se applicants only when the magistrate judge has provided clear notice that a failure to timely object will waive that party's rights on appeal.  Id.

In his Report and Recommendation, the magistrate judge unambiguously "advised [Conley] of his right to file an objection to [the] Report and Recommendation . . . on or before October 24, 2006."  Conley was further "advised that failure to file a timely objection . . . waives the right to appellate review of both factual and legal issues contained herein."  Given that Conley failed to file objections by January 15, 2007—the last day of the final extension

_____

[2] Because the district court denied Conley a COA, he may not appeal the district court's decision absent a grant of COA by this court.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Conley to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

granted by the district court—he has waived his right to challenge the magistrate's recommendation on appeal.

Conley urges this court to nonetheless consider his arguments in the interests of justice. Because the waiver rule is procedural rather than jurisdictional, we may indeed decline to apply the rule in cases "where the interests of justice so dictate." Moore, 950 F.2d at 659. In reaching such a determination this court has considered, among other factors, the waiving party's own responsibility for the failure to file objections. See Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004).

In his memorandum addressing the waiver issue, Conley avers generally that "forces of nature" prevented him from filing objections and that we therefore should consider his failure to file excusable neglect. Conley apparently argues that due to an ice storm, he had no access to prison administrative personnel between January 12, 2007, and January 22, 2007, and thus could not file his objection prior to the January 15, 2007, deadline. But as the district court noted in declining to modify its order dismissing the petition,

> [p]etitioner's objection was originally due October 24, 2006. Petitioner sought and was granted three extensions of time in which to file his objection to the Report and Recommendation. . . . Petitioner's motion for an emergency extension of time was not even mailed until four days after his objection was due. Even now, Petitioner does not present an objection and request leave to file it out of time; rather, he asks for appointment of counsel to assist him in preparing an objection.

Given that Conley had already been granted 63 days beyond the original 20-day objection period, an ice storm does not justify his failure to file timely objections.

We also review the district court's decision for plain error. See Morales-Fernandez v. INS, 418 F.3d 1116, 1122 (10th Cir. 2005). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations omitted). Having carefully reviewed Conley's pleadings, the record on appeal, and the magistrate judge's thorough Report and Recommendation, we conclude that the district court did not commit plain error when it determined that the state court adjudication did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established federal law" or "result[] in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For the reasons set forth above, Conley's request for a COA is **DENIED** and his appeal is **DISMISSED**. We **GRANT** his motion to proceed in forma pauperis, and we **DISMISS** his motion for appointment of

counsel as moot.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge